UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DEUTSCHE BANK NATIONAL TRUST CO.,
  *Plaintiff*,

  v.

ANNA DEFRANCO,
  *Defendant*.

No. 3:19-cv-90 (VAB)

**RULING AND ORDER ON MOTION TO REMAND**

Originally filed in Connecticut Superior Court by Deutsche Bank National Trust Co. ("Deutsche Bank" or "Plaintiff") against Anna DeFranco, Ms. DeFranco removed this case to this Court under 28 U.S.C. § 1441 and claimed that this Court has both federal question and diversity jurisdiction in this case. Notice of Removal, ECF No. 1 ("Notice of Removal").

Deutsche Bank now moves to remand this case back to Connecticut Superior Court, arguing that Ms. DeFranco's removal was untimely and that the Court lacks subject-matter jurisdiction over this case. Motion for Remand, ECF No. 6 ("Mot. for Remand").

For the following reasons, the Court **GRANTS** Deutsche Bank's motion to remand.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

 **A. Factual Allegations**

On August 9, 2005, Deutsche Bank alleges that Ms. DeFranco executed a loan with Netbank for $315,000.00, which was recorded on August 16, 2005. State Court Complaint, ECF No. 6-2 ("Underlying Compl."), at ¶¶ 3, 4.

As of December 1, 2005, Ms. DeFranco was in default of the loan. *Id.* at ¶ 5.

On June 7, 2007, the mortgage on the loan was assigned to Deutsche Bank. *Id.* at ¶ 4.

On June 10, 2013, Deutsche Bank commenced a foreclosure action on Ms. DeFranco for

1

failure to pay her mortgage under CONN. GEN. STAT. § 49-17. *Id.* at 6; Mot. for Remand at 5.

Since the suit commenced, Ms. DeFranco has filed the following unsuccessful motions in state court:

> (1) Motion to Dismiss- 6/19/13; (2) Motion for Sanctions- 10/22/13; (3) Motion for Non Suit- 8/15/14; (4) Motion to Quash- 6/27/14; (5) Appeal- 10/6/14; (6) Motion for Sanctions- 10/15/14; (7) Motion to Dismiss- 10/15/14; (8) Appeal- 10/30/14; (9) Motion for Sanctions- 11/21/14; (10) Motion to Strike- 2/13/15; (11) Motion to Strike- 4/27/15; (12) Motion to Vacate Order- 5/1/15; and (13) on the date of trial, 3/18/16, Defendant filed three motions to dismiss.

Mot. for Remand at 6.

On March 18, 2016, the residential foreclosure suit went to trial. *Id*. at 5.

On October 25, 2016, Ms. DeFranco filed for Chapter 13 bankruptcy. *Id.* at 5.

On November 7, 2016, Judge Peter Wiese granted a strict foreclosure against DeFranco, with final sale at a Law Day scheduled for December 5, 2016. *Id.*

On April 7, 2017, the Bankruptcy Court dismissed Ms. DeFranco's bankruptcy action, which she appealed. *Id.*

On May 16, 2017, Judge Joseph Shortall set a new Law Day for June 19, 2017. *Id.*

On June 6, 2017, Ms. DeFranco appealed the trial court decision. *Id.*

On January 17, 2019, the Connecticut Appellate Court was set to have oral argument on Ms. DeFranco's appeal. *Id.*

**B.     Procedural History**

On January 17, 2019, Ms. DeFranco removed her appeal to this Court. Notice of Removal.

On January 18, 2019, Deutsche Bank filed a motion to remand this case to state court for a lack of subject-matter jurisdiction. Mot. for Remand at 11–13.

On February 8, 2019, Ms. DeFranco filed an objection to Deutsche Bank's motion to

remand. Objection re Motion to Remand, ECF No. 7 ("Obj.").

On February 26, 2019, Ms. DeFranco filed a supplemental memorandum objected to Deutsche Bank's motion to remand. Supplemental Memorandum and Objection re Motion to Remand, ECF No. 10 ("Suppl. Obj.").

On July 11, 2019, the Court held a hearing on Deutsche Bank's motion for remand.

## II. STANDARD OF REVIEW

A district court will remand a case, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). "[T]he party asserting jurisdiction bear the burden of proving that the case is properly in federal court[.]" *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994). The party asserting jurisdiction "must support its asserted jurisdictional facts with 'competent proof' and 'justify its allegations by a preponderance of the evidence.'" *S. Air, Inc. v. Chartis Aerospace Adjustment Servs., Inc.*, 3:11-cv-1495 (JBA), 2012 WL 162369, at *1 (D. Conn. 2012) (quoting *United Food & Commercial Workers Union*, 30 F.3d at 305)). "In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994).

## III. DISCUSSION

Deutsche Bank argues that Ms. DeFranco has improperly removed this case for two reasons.

First, Ms. DeFranco removed the case more than five years after receiving the Complaint, exceeding the thirty-day period provided for in the federal removal statute. Mot. for Remand

3

at 9–10. And Ms. DeFranco violated this Court's standing order regarding removal of cases by not filing a statement that indicates the date on which Defendant was first served with summons and the Complaint. *Id.* at 11.

Second, the underlying Complaint presents no federal question for this Court to assert subject-matter jurisdiction. *Id.* at 11–13.

### A. Timeliness

Any defendant seeking to remove a civil action from state court must do so "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b)(1). The only exception is where an action may only be ascertained as removable based on an amended pleading, motion, order, or other paper. 28 § 1446(b)(3).

Here, the state-court memorandum of decision indicates that the trial court ruled on this case on November 7, 2016, *see* Memorandum of Decision, ECF No. 6-3, and there is nothing in the notice of removal to suggest that 28 § 1446(b)(3) would apply.

"A defendant who is served with a pleading that meets these criteria must file its notice for removal within thirty days . . . . '[T]he statutory time limit is mandatory . . . [and] absent a finding of waiver or estoppel, federal courts rigorously enforce the statute's thirty-day filing requirement.'" *Edelman v. Page*, 535 F. Supp. 2d 290, 292 (D. Conn. 2008) (quoting *Burr ex rel. Burr v. Toyota Motor Credit Co.*, 478 F. Supp. 2d 432, 436 (S.D.N.Y. 2006)).

In addition, an action solely removable on diversity may not be removed "more than one year after commencement of the action, unless the district court finds that the plaintiff has acted

4

in bad faith" to prevent that removal. 28 U.S.C. § 1446(c)(1).

Here, the underlying state-court action commenced June 10, 2013, *see* Mot. for Remand at 5, but nothing in the record suggests that Deutsche Bank acted in bad faith to prevent removal of the action.

Accordingly, removal of this case was untimely.

### B. Subject Matter Jurisdiction

Although untimely, the Court also will address whether federal question or diversity jurisdiction would provide a proper basis for removal. The answer is no.

#### 1. Federal Question Jurisdiction

Federal question jurisdiction exists when a civil action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. For statutory purposes, "a case arises under federal law when federal law creates the cause of action asserted." *Gunn v. Minton*, 568 U.S. 251, 258 (2013) (citing *Am. Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916)). Critically, "[u]nder the 'well-pleaded complaint rule,' a defendant generally may not 'remove a case to federal court unless the plaintiff's complaint establishes that the case arises under federal law.'" *McCulloch Orthopaedic Surgical Servs., PLLC v. Aetna Inc.*, 857 F.3d 141, 145 (2d Cir. 2017) (quoting *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004)); *see also Bank of Am. Nat. Ass'n v. Derisme*, 743 F. Supp. 2d 93, 102 (D. Conn. 2010 (Kravitz, J.) ("The Supreme Court has long held that the presence or absence of federal question jurisdiction is governed by the well-pleaded complaint rule, which provides that the federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." (citing *Rivet v. Regions Bank*, 522 U.S. 470, 475 (1998)).

This Court therefore has jurisdiction only if Deutsche Bank's Underlying Complaint

5

presents a federal question of law.

Deutsche Bank argues that this is a state-law foreclosure action that presents no federal question, and that a state court already has resolved the underlying foreclosure action. Mot. for Remand at 12–13.

In response, Ms. DeFranco argues that the counsel for Deutsche Bank, Jordan Schur, has neither filed an appearance in this case nor represents Deutsche Bank. Obj. at 1. Ms. DeFranco also argues that this is a collections action—not a foreclosure—and therefore is subject to the Fair Debt Collections Practices Act, 15 U.S.C. §§ 1692–1692p. *Id.* at 2. Ms. DeFranco further argues that Mr. Schur represents an unnamed party in this lawsuit and thus cannot prosecute the foreclosure action. *Id.* at 5. Finally, Ms. DeFranco contends that Deutsche Bank tried and failed to pursue a foreclosure action in 2007 and must now fail because it uses many of the same arguments. *Id.* at 6–7.

Because Mr. Schur has filed an appearance, Ms. DeFranco filed a supplemental objection, arguing that the only reason he appeared was because she raised the issue. Suppl. Obj. at 2. She maintains that this appearance is too late and the failure to appear earlier is fatal. *Id.*

The Court disagrees.

Under 28 U.S.C. § 1441(b), courts have original jurisdiction over claims "arising" under federal law. To determine whether a claim arises under federal law, courts "examine the 'well pleaded' allegations of the complaint and ignore potential defenses." *See Beneficial Nat'l. Bank v. Anderson*, 539 U.S. 1, 6 (2003). The Supreme Court has long held that "[a] defense that raises a federal question is inadequate to confer federal jurisdiction." *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (citation omitted).

Here, Deutsche Bank seeks foreclosure on Ms. DeFranco's mortgage under Conn Gen.

Stat. § 49-17. *See* Underlying Compl. at 6. This statute "governs foreclosure by the owner of a debt without legal title to the underlying property." *Costello v. Wells Fargo Bank Nat'l. Assoc.*, No. 16-cv-1706 (VAB), 2017 WL 3262157, *12 (D. Conn. 2017). While Ms. DeFranco argues that this is a debt collection under the Fair Debt Collections Practices Act, *see* Obj. at 2, as a matter of law, this argument is insufficient to give this Court jurisdiction over this case because "[t]he mere existence or invocation of a federal defense does not furnish a sufficient basis for jurisdiction to attach." *City of Rome, N.Y. v. Verizon Commc'ns, Inc.*, 362 F.3d 168, 174 (2d Cir. 2004).

Because Deutsche Bank's Underlying Complaint lacks a federal claim from which federal question jurisdiction attaches, Ms. DeFranco's purported defense under the Fair Debt Collections Practices Act does not result in this Court having federal jurisdiction over this case. *See Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (finding that "[f]ederal jurisdiction cannot be predicated on an actual or anticipated defense").

Accordingly, there is no federal question in this case. *See Derisme*, 743 F. Supp. 2d at 102 ("The Supreme Court has long held that the presence or absence of federal question jurisdiction is governed by the well-pleaded complaint rule, which provides that the federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." (citing *Rivet*, 522 U.S. at 475)).

### 2. Diversity Jurisdiction

Under 28 U.S.C. § 1441(b)(2), a state court case also is not removable based solely on diversity jurisdiction, if any defendant is a citizen of the state in which the action is brought. *Derisme*, 743 F. Supp. at 102–103 (remanding case because the defendant was a Connecticut citizen); *U.S. Bank Trust, N.A. for Wells Fargo Asset Sec. Corp. v. Walbert*, 3:17-cv-00991

(CSH), 2017 WL 3578553, at *3 (D. Conn. Aug. 18, 2017), *reconsideration denied sub nom. U.S. Bank Tr., N.A. for Wells Fargo Asset Sec. Corp. Mortg. Pass-Through Certificates Series 2005-AR2 v. Walbert*, No. 3:17-cv-0091 (CSH), 2017 WL 4613191 (D. Conn. Aug. 18, 2017) ("Because Defendant appears to be a citizen of Connecticut, and has not alleged that he is a citizen of any other state, and Connecticut is the state in which the civil action is brought, the foreclosure action is not removeable.").

Deutsche Bank argues that because Ms. DeFranco is a Connecticut citizen, there is no diversity jurisdiction in this case. Mot. for Remand at 13.

The Court agrees.

Here, Deutsche Bank has sued Ms. DeFranco in Connecticut Superior Court, and Ms. DeFranco has admitted that she is a Connecticut resident. *See* Notice of Removal at 1, 4.

Accordingly, this Court lacks subject-matter jurisdiction based on diversity. *See* 28 U.S.C. § 1441(b) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").

**IV.   CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Deutsche Bank's motion to remand.

The Court further directs the Clerk of the Court to assign this case to the undersigned judge for review, including determination as to whether a filing injunction against Ms. DeFranco is necessary, if Ms. DeFranco attempts to remove this foreclosure action to federal court again.

**SO ORDERED** at Bridgeport, Connecticut, this 12th day of July 2019.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE